IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY J. COOK, | ) | No. C 12-06265 EJD (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) | |
| MATTHEW CATE, et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, a state prisoner at Pelican Bay State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff was validated as a gang member in 2011. Plaintiff does not challenge that validation, rather an active/inactive review of his gang membership in 2012, that involved a cell search where his address book was confiscated and not returned. As a result, Plaintiff remains in the Secured Housing Unit. Plaintiff states two pieces of evidence were used in the revalidation process, he was allowed to offer a written rebuttal to the evidence and there was an interview and later various classification hearings and gang status updates. Plaintiff alleges the evidence used was insufficient, and was actually just one piece of evidence, the hearings are conducted in a rote fashion and the confiscation and use of his address book was improper and violated his right to communicate with family and friends.

Changes in conditions of confinement may amount to a deprivation of a state-created and constitutionally-protected liberty interest, provided the liberty interest in question is one of "real substance," see Sandin v. Conner, 515 U.S. 472, 477, 484-87 (1995), and, in particular, where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," see id. at 484. In Superintendent v. Hill, 472 U.S. 445, 455 (1985), the Supreme Court held that disciplinary proceedings do not satisfy due process requirements unless there is "some evidence" in the record to support the findings of the prison disciplinary board. The Ninth Circuit requires that "some evidence" also support a decision to place an inmate in segregation for administrative reasons. See Toussaint v. McCarthy, 801 F.2d 1080, 1104

(9th Cir. 1986).  This standard applies to placement in a SHU for gang affiliation.  <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (noting that any one of three pieces of evidence -- a sheriff's department report that prisoner was a gang member, a probation report that prisoner's codefendant was a gang member, and a statement from a prison informant -- would constitute "some evidence").  The standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced.  <u>See</u> <u>Toussaint</u>, 801 F.2d at 1105 (citing <u>Hill</u>, 472 U.S. at 455).  Ascertaining whether the standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence.  <u>See id.</u>  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached.  <u>See id.</u>

The Ninth Circuit also requires that the evidence relied upon by prison <u>disciplinary</u> boards contain "some indicia of reliability," <u>Cato v. Rushen</u>, 824 F.2d 703, 705 (9th Cir. 1987), but has not directly considered whether a corresponding need for evidentiary reliability exists when prison officials segregate an inmate for <u>administrative</u> reasons.[1]  Some district courts have extended the reliability requirement to the administrative context, however, holding that "the evidence relied upon to confine an inmate to the SHU for gang affiliation must have 'some indicia of reliability' to satisfy due process

---

[1] If the information relied upon by the disciplinary committee are the statements of an unidentified informant, due process requires that the record contain: (1) some factual information from which the committee can reasonably conclude that the information was reliable and (2) a prison official's affirmative statement that safety considerations prevent the disclosure of the informant's name.  <u>See</u> <u>Zimmerlee v. Keeney</u>, 831 F.2d 183, 186 (9th Cir. 1987), <u>cert. denied</u>, 487 U.S. 1207 (1988).  Reliability may be established by: (1) the oath of the investigating officer appearing before the committee as to the truth of his report that contains confidential information, (2) corroborating testimony, (3) a statement on the record by the chairman of the committee that he had firsthand knowledge of sources of information and considered them reliable based on the informant's past record, or (4) <u>in camera</u> review of the documentation from which credibility was assessed.  <u>See id.</u> at 186-87.

requirements." Madrid v. Gomez, 889 F. Supp. 1146, 1273-74 (N.D. Cal. 1995); see Jones v. Gomez, No. C 91-3875 MHP, 1993 WL 341282, *3-4 (N.D. Cal. Aug. 23, 1993) (order denying summary judgment) (due process requires indicia of reliability due to high risk of false information by informants, inherent prisoner conflicts and necessity for independent factfinding by prison officials).

In this case Plaintiff has not identified any atypical and significant hardships that would call into question a constitutionally-protected liberty interest. Simply stating he was revalidated and remained in the Secured Housing Unit is insufficient. Moreover, the complaint describes in detail all the due process Plaintiff was provided and while he disagrees with the evidence there appears to be "some evidence" for the revalidation.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 12-06265 EJD (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

DATED: 2/26/2013

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY J. COOK,

        Plaintiff,

  vs.

MATTHEW CATE, et al.,

        Defendants

Case Number CV 12-06265 EJD (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   2/27/2013  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Timothy J. Cook**
E40919
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

DATED:   2/27/2013  
                                        Richard W. Wieking, Clerk
                                        /s/ By: Elizabeth Garcia, Deputy Clerk